IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA


UNITED STATES OF AMERICA,    )    CASE NO: 8:07CR299
    )
        Plaintiff,    )
    )    Omaha, Nebraska
vs.    )    March 10, 2008
    )    10:17 a.m.
HOMER T. CAVE,    )
    )
        Defendant.    )




TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE F.A. GOSSETT
UNITED STATES MAGISTRATE JUDGE




APPEARANCES:

For the Plaintiff:        Michael Norris
        ASSISTANT UNITED STATES ATTORNEY
        1620 Dodge Street
        Suite 1400
        Omaha, NE  68102

For the Defendant:        Ernest H. Addison, Jr.
        ADDISON, MILLER LAW FIRM
        6842 Pacific Street
        Omaha, NE  68106



Proceedings recorded by electronic sound recording, transcript
produced by transcriptionist.

March 10, 2008

1

2          (Whereupon the following proceedings

3           took place in open court at 10:17 a.m.:)

4          (Call to Order of the Court.)

5          THE COURT:  Please be seated.  Good morning.

6          Case number 8:07CR299, United States of America

7    versus Homer T. Cave.

8          Counsel for the Government please identify.

9          MR. NORRIS:  Good morning, Your Honor.  For the

10   United States I'm Michael Norris.

11         THE COURT:  Good morning.  For the Defendant, who's

12   present?

13         MR. ADDISON:  Good morning, Judge.  Ernest Addison,

14   Jr., appearing on behalf of Mr. Cave.  For the record, he

15   presents himself to you today.

16         THE COURT:  Good morning, Mr. Addison.

17         Good morning, Mr. Cave.

18         THE DEFENDANT:  Good morning, sir.

19         THE COURT:  Mr. Cave, we're here because you, through

20   your attorney, have caused to be filed a petition to enter a

21   plea of guilty and a plea agreement.  The plea agreement notes

22   that you will plead guilty to Count I of the indictment, which

23   Count I of the indictment is a -- excuse me just a minute.

24         MR. NORRIS:  I have my copy if it's easier.

25         THE COURT:  No, I'll find it.

1          Count I of the indictment is a charge of receipt and

2     distribution of child pornography.

3          Is that as you understand it?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Mr. Cave, we're going to be going over a

6     petition to enter a plea of guilty, the plea agreement.  We're

7     going to go over several other things.  They're all very

8     important to you.  I want to reach an understanding with you,

9     if possible, and that is that if anything occurs at this

10    hearing that you do not understand, for instance if I or anyone

11    else use words, phrases or sentences that you do not

12    understand, that we will stop the hearing, give you an

13    opportunity to speak with Mr. Addison off the record.  That

14    means just the two of you would be party to that conversation.

15    Mr. Addison is experienced in these matters.  I believe he will

16    be able to answer your questions.  If for some reason you still

17    have questions after you talk to Mr. Addison, you can address

18    the Court, and I'll attempt to answer the questions.

19         Can we reach that agreement?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  All right.  Mr. Cave, I'm a United States

22    magistrate judge, not a United States district judge.  You have

23    a right to have this hearing conducted before a United States

24    district judge.  That would be Judge Smith Camp.  She will be

25    your sentencing judge in this case.

1        My question to you is do you consent to me conducting

2   the plea hearing this morning?

3        THE DEFENDANT:  Yes, I do.

4        THE COURT:  I'll accept the consent as freely and

5   voluntarily given.

6        Mr. Cave, would you please stand and raise your right

7   hand to be sworn by the courtroom deputy.

8        COURTROOM DEPUTY:  Do you solemnly swear or affirm

9   that the testimony you are about to give will be the truth to

10  the best of your knowledge and belief?

11       THE DEFENDANT:  I do.

12       THE COURT:  Please be seated.

13       Mr. Cave, you're under oath.  I have to warn you that

14  if you make false statements under oath, you could be charged

15  with perjury or making false statements.  Do you understand

16  that you are under oath and there are penalties for making

17  false statements under oath?

18       THE DEFENDANT:  Yes.

19       THE COURT:  Mr. Cave, would you state your full name

20  for the record.

21       THE DEFENDANT:  Homer T. Cave.

22       THE COURT:  And you're the Defendant named in the

23  indictment, is that correct?

24       THE DEFENDANT:  Yes, sir.

25       THE COURT:  How old are you, sir?

1        THE DEFENDANT:  Thirty-one, almost 32.

2        THE COURT:  Would you spell your full name for us.

3        THE DEFENDANT:  H-o-m-e-r, and the last name is

4   spelled C-a-v, as in Victor, e.

5        THE COURT:  Mr. Cave, how far in school did you go in

6   what we might call formal education?

7        THE DEFENDANT:  I have some college, sir.

8        THE COURT:  What type of work have you done in your

9   working life?

10        THE DEFENDANT:  Just formerly, I was a United States

11   Marine.

12        THE COURT:  Have you ever been in a hospital or under

13   a doctor's care for any type of mental illness?

14        THE DEFENDANT:  No, sir.

15        THE COURT:  Have you ever been treated for a chemical

16   dependency or abuse, such as an addiction to alcohol or drugs?

17        THE DEFENDANT:  No, sir.

18        THE COURT:  In the last 72 hours, which is three

19   days, have you consumed any alcohol or taken any controlled

20   substances?

21        THE DEFENDANT:  No, sir.

22        THE COURT:  In answer to the question in your

23   petition to enter a plea of guilty have you ever been under a

24   doctor's care for any mental or emotional issues, you answer

25   something in 2007 and 2008, but I can't read it.

1          THE DEFENDANT:  Correct, sir.  It's I had an

2     addiction to pornography.

3          THE COURT:  All right.  So were you treated for that?

4          THE DEFENDANT:  I'm still being treated for that,

5     sir, yes.

6          THE COURT:  All right.  Okay.

7          Are you acquainted with the terms inpatient and

8     outpatient?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Is your treatment inpatient or

11     outpatient?

12          THE DEFENDANT:  It is outpatient.

13          THE COURT:  Have you ever been treated inpatient for

14     that?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  All right.  Are you taking any

17     medication, prescription or nonprescription?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  As you -- Are you -- Let me ask you.

20     You're not taking any medication, correct?

21          THE DEFENDANT:  Correct, sir.

22          THE COURT:  Is there anything that's been prescribed

23     to you that you're just not taking, maybe you never had the

24     prescription filled, or you have the prescription and you're

25     just not taking it?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  As you sit here in open court this

3     morning, do you believe you're thinking clearly, clearly enough

4     to make important decisions in your life?

5          THE DEFENDANT:  Yes, I am.

6          THE COURT:  Mr. Cave, have you received a copy of the

7     indictment?  That's the charging document in this case.

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  You're entitled to have that read out

10    loud in open court, or you may waive, which means do without

11    the reading.  Do you wish it read, or do you waive the reading?

12          THE DEFENDANT:  Waive it, sir.

13          THE COURT:  Have you discussed with Mr. Addison, your

14    lawyer, the nature of the crimes charged against you in the

15    indictment?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Mr. Cave, if you went to trial on Count

18    I, the Government would have to prove certain things in order

19    to have you found guilty or prove you guilty of Count I.  They

20    would have to prove beyond a reasonable doubt the following

21    elements:

22          That on or about the 6th day of June, 2007, in the

23    District of Nebraska, you, the Defendant, did knowingly receive

24    and distribute visual depictions, that is digital and computer

25    images, in files that had been mailed, shipped and transported

1    in interstate and foreign commerce by any means, including by

2    computer.  The production of such visual depictions having

3    involved the use of a minor engaging in sexually explicit

4    conduct that were depictions of such conduct.  In violation of

5    Title 18, United States Code, 2252(A)(a)(2).

6            Do you have any question about what the Government

7    would have to prove in order to convict you of Count I?

8            THE DEFENDANT:  No, sir.

9            THE COURT:  There are certain penalties that are set

10   out in this matter for a plea or conviction based upon a

11   finding of guilt as to Count I.  The possible penalties that

12   you would be exposed to would be imprisonment of not less than

13   five years nor more than 20 years, a fine not to exceed

14   $250,000, or both such imprisonment and fine, at least five

15   years of supervised release, and a $100 special assessment.

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Do you have any question about the

18   statutory penalties that you're facing in this case?

19           THE DEFENDANT:  No, sir.

20           THE COURT:  Do you understand, Mr. Cave, that the

21   sentencing judge, Judge Smith Camp, will not be able to

22   determine what sentence to give you until a presentence

23   investigation report is completed and until you and your lawyer

24   and the Government's lawyer have an opportunity to see that

25   report, which is in writing and object to things that are in

1      it?  Do you understand that?

2                 THE DEFENDANT:  Yes, sir.

3                 THE COURT:  Do you also -- Well, let me ask you this.

4      Has Mr. Addison talked to you about the sentencing guidelines?

5                 THE DEFENDANT:  Yes, sir.

6                 THE COURT:  Do you understand that sentencing

7      guidelines have been determined by the United States Supreme

8      Court to be advisory not mandatory?  This means that the

9      sentencing judge must consult but is not required strictly to

10     follow the sentencing guidelines when setting out the sentence

11     and deciding the sentence to give you.  On the other hand, she

12     may determine that the sentence called for under the guidelines

13     is the sentence that she will give.  She as the sentencing

14     judge has the freedom to make that choice.  Do you understand

15     that?

16                THE DEFENDANT:  Yes, sir.

17                THE COURT:  Do you also, therefore, understand that

18     the sentence that will be imposed upon you at sentencing could

19     be different from the sentence that you or you and your

20     attorney believe might or will be imposed.  Do you understand

21     that?

22                THE DEFENDANT:  Yes, sir.

23                THE COURT:  Now, in your plea agreement, we're going

24     to talk about the plea agreement in more detail later -- Well,

25     let me go back and let me strike that.

1          Do you understand that both you and the Government

2     have a right to appeal from any sentence that's imposed in this

3     case?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand parole has been

6     abolished in the federal system, and you will not be released

7     on parole?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that if you're

10    convicted as a result of a plea of guilty to Count I, you'll be

11    required to pay a special assessment in the statutory amount of

12    $100?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you understand that if you're

15    convicted as a result of Count I, the Court could, as

16    previously mentioned, impose upon you a fine of not more than

17    $250,000?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Mr. Cave, if you're convicted as a result

20    of a plea of guilty, that in addition to a sentence of

21    imprisonment, the Court is required to include a term of

22    supervised release which must be completed after you serve your

23    sentence of imprisonment.  That term of supervised release can

24    be at least five years but not more than life.  Do you

25    understand that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Now, do you understand that if your

3     conditions of supervised release are violated, that your

4     supervised release could be revoked.  And if it is revoked, you

5     would be returned to prison and be required to serve in prison

6     all or part of your term of supervised release without credit

7     for the time that you had been on supervised release.  So if

8     your supervised release is revoked, you would be returned to a

9     place of imprisonment and be required to serve time in prison,

10    the time specified by the laws of the United States.

11         Do you have any questions about supervised release?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Mr. Cave, do you understand that if the

14    sentence that's imposed upon you is more severe than you

15    expect, you're still bound by your plea of guilty and would not

16    for that reason, in other words the reason of a more severe

17    sentence than you expected, that would not give you a basis to

18    withdraw your plea of guilty.  Do you understand that?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Mr. Cave, if the Court accepts your plea

21    of guilty, you will be found guilty of a felony.  That could

22    work to your disadvantage later.  For example, if you're later

23    convicted of another crime, the penalty in that case could be a

24    larger penalty.  The penalty could increase because of your

25    conviction in this case.  Do you understand that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Now, there's a petition to enter a plea

3     of guilty and a plea agreement in this case.  I'm going to ask

4     Mr. Addison at this time to tell us how these documents were

5     filled out.  Regarding the petition to enter the plea of

6     guilty, how the questions were given to you, how were your

7     answers received and memorialized, and how the consequences of

8     signing the plea agreement and the petition to enter the plea

9     of guilty were explained to you.

10          Mr. Addison.

11          MR. ADDISON:  Thank you, Judge.

12          Judge, on or about the 26th day of February, Mr. Cave

13    met myself at my office.  I provided him a copy of the plea

14    agreement and the petition to enter a plea.  I asked him to

15    review those documents.  Once he had completed review of those,

16    he entered my office, and we sat down and I addressed each

17    individual question with him on the petition to enter a plea.

18    The writing on the document is my own, sir, but the answers

19    there reflect the information that was provided to me by Mr.

20    Cave.

21          During the course of answering those questions, Mr.

22    Cave generated multiple questions to me, which I answered.  And

23    at the end of that, Mr. Cave provided his signature at the

24    appropriate designated area.

25          In terms the plea agreement, Your Honor, I then

1    again read the plea agreement to him, emphasizing what I

2    thought were the salient points.  That generated several

3    questions from Mr. Cave, which I answered.  And at the

4    completion of those questions and answers, he executed the

5    final page of the plea agreement, sir.

6         THE COURT:  And then additionally, the documents were

7    both resigned again today, correct?

8         MR. ADDISON:  Yes, sir.  I inadvertently, and I do

9    apologize to the Court, I grabbed my file this morning, looked

10   in it, the first document I saw was the plea agreement, so I

11   assumed that the petition that Mr. Cave and I had originally

12   executed and the plea agreement were contained in my file.

13   Upon arrival at the court, I discovered that they were not.  So

14   I asked the Court for the copies that we had previously

15   provided in preparation for this hearing, and Mr. Cave, after

16   explanation, re-executed the petition to enter a plea with

17   today's date and did the same with the plea agreement, Your

18   Honor.

19        THE COURT:  Mr. Cave, is that all true?  Did that all

20   happen that way?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Mr. Cave, on the petition to enter the

23   plea of guilty, is that your signature, in fact from February

24   26th and March 10th, on page 14?

25        THE DEFENDANT:  Yes, it is, sir.

1          THE COURT:  Other than the plea agreement, Mr. Cave,

2   did anyone make any threat or promise to force you or make you

3   enter any pleas here today?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Now, did you review the petition to enter

6   the plea of guilty, read it and review it before you signed it?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Under penalty of perjury, remembering

9   that you're under oath, do you swear that each of your answers

10   in your petition to enter a plea of guilty is your answer and a

11   truthful answer?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  I'm going to go over just a couple of the

14   questions and answers.  Thirteen (a) says what is the maximum

15   term of imprisonment and the maximum fine the law provides for

16   the offense or offenses to which you want to plead guilty, and

17   your answer is 20 years, $250,000 fine, five years supervised

18   release, $100 special assessment.  The question asked actually

19   what the maximum term of imprisonment is, and it is correct

20   that you have recited it at 20 years.  What is the maximum

21   fine, which is correctly recited at $250,000, not to exceed.

22   However, the -- While the question doesn't ask this, you write

23   five years supervised release.  Supervised release maximum is

24   actually up to -- excuse me.  The supervised release maximum,

25   based upon the penalty section, is actually at least five years

1    but not more than life.

2         So let me hand to the courtroom deputy page five of

3    the petition to enter a plea of guilty.  So if you agree, you

4    can note that, initial it, and Mr. Norris can initial it, as

5    well as Mr. Addison.

6         (Defendant and counsel initial document.)

7         THE COURT:  Now, the original has been returned to

8    me, and it has been changed to five years supervised release

9    minimum up to life supervision.  And it's initialed by all

10   three of the individuals present, Defendant, defense counsel,

11   and the Government's attorney.

12        Do you understand that answer, Mr. Cave?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  All right.  Thirteen (b), is there a

15   mandatory minimum punishment required by law for the offense or

16   offenses to which you want to plead guilty?  You marked yes.

17   Then in subpart it asked what is it, and you answer five years.

18   And five years is the minimum mandatory.

19        Do you understand that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  Now, additionally, let's drop back to

22   question 44, it asks are you guilty, and you answer that

23   question yes.  And then question 45 asks you what did you do

24   that causes you to think you're guilty of the charge to which

25   you want to plead guilty, and you write on or about the 16th

1    day of June, 2007 -- excuse me, the 6th day of June of 2007, in

2    the District of Nebraska I received and distributed visual

3    depictions by computer.  I can't read that.

4              MR. ADDISON:  I apologize for my writing, Judge.  Do

5    you want me to --

6              THE COURT:  Yeah, would you read it, because if I --

7    believe me, it's better than mine.

8              MR. ADDISON:  And I apologize.  I'm just going to

9    start from the beginning.

10             THE COURT:  Okay.

11             MR. ADDISON:  It says on or about the 6th day of

12   June, 2007, in the District of Nebraska, I received and

13   distributed visual depictions by computer, with said depictions

14   having involved the use of a minor engaging in sexually

15   explicit conduct and depictions of such conduct.

16             THE COURT:  Mr. Cave, is that your answer?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  And, Mr. Cave, earlier I read to you the

19   elements of Count I in the indictment, the elements of the

20   charge of receipt and distribution of child pornography.  Did

21   you commit that offense?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  And did you commit each and every one of

24   the elements at the time, dates and places as set out in Count

25   I of the indictment?

1            THE DEFENDANT: Yes, sir.

2            THE COURT: And did you decide to plead guilty before

3  you signed the petition to enter the plea of guilty? And I

4  realize that's an odd question, but did you mentally come to

5  the conclusion I'm going to plead guilty and then signed that

6  document?

7            THE DEFENDANT: Yes, sir.

8            THE COURT: Do you have any questions about anything

9  set out in your petition to enter your plea of guilty?

10           THE DEFENDANT: No, sir.

11           THE COURT: There's a plea agreement in this case.

12  Mr. Addison has told us how that was explained to you. Is that

13  all true?

14           THE DEFENDANT: Yes, sir.

15           THE COURT: And is that your signature on the last

16  page? Actually, it's page number three?

17           THE DEFENDANT: Yes, sir.

18           THE COURT: Mr. Cave, correct me if I'm wrong, and

19  feel free to tell me if I'm wrong about this, but I would

20  imagine that when you went over the petition to enter the plea

21  of guilty and the plea agreement that you had questions about

22  what do these things mean, how do the affect me and my case, is

23  that true?

24           THE DEFENDANT: Yes, sir.

25           THE COURT: Did you ask Mr. Addison all of those

1  questions?

2         THE DEFENDANT:  Yes, I did.

3         THE COURT:  Did he answer them to your satisfaction?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  As you sit here in open court this

6  morning, do you have any questions about the petition to enter

7  the plea of guilty, the plea agreement, the indictment or

8  anything that's occurred thus far at this hearing?

9         THE DEFENDANT:  No, sir.

10        THE COURT:  And other than the plea agreement, has

11  anyone made any threat, promise or inducement to force you or

12  make you enter any pleas here today?

13        THE DEFENDANT:  No, sir.

14        THE COURT:  Did you voluntarily sign the plea

15  agreement on the last page?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  Did anyone make any other promise or

18  threat to you to sign it?

19        THE DEFENDANT:  No, sir.

20        THE COURT:  Do you have any questions about it or how

21  it affects your case?

22        THE DEFENDANT:  No, sir.

23        THE COURT:  Mr. Cave, you have certain constitutional

24  rights.  It's very important that you understand them, because

25  a plea of guilty will waive these rights.

1          You have the right to plead not guilty to the

2     offenses charged against you in the indictment, to go to trial

3     on those charges.  The right to a speedy and a public trial.

4     The right to be tried by a jury.  The right to have a jury

5     determine whether or not each and every one of the elements

6     have been proven by the Government beyond a reasonable doubt.

7     The right to see and hear all witnesses and cross-examine them.

8     The right to call witnesses in your own behalf.  The right not

9     to testify.  No one can compel you to be a witness against

10    yourself.  However, if you wish to testify, you would also have

11    the right to testify.

12          You also have the right to use the subpoena power of

13    the Court, which is an order of the Court that demands the

14    presence of witnesses or other evidence that might assist you

15    or be used by you at your trial.

16          Mr. Cave, concerning the rights that I've just read

17    to you and the rights in your petition to enter your plea of

18    guilty, do you understand that under the Constitution of the

19    United States, you have these rights and you can use each and

20    every one of these rights?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Mr. Cave, do you understand that if your

23    guilty plea is accepted by the Court, there will not be a trial

24    to Count I of the indictment, and that by pleading guilty to

25    that charge, you waive and give up your right to trial to that

1    charge.  Do you understand that?

2             THE DEFENDANT:  Yes, sir.

3             THE COURT:  Mr. Cave, do you also understand that if

4    your plea of guilty is accepted, you waive or give up your

5    right to challenge the manner in which the Government obtained

6    its evidence against you in this case.  Do you understand that?

7             THE DEFENDANT:  Yes, sir.

8             THE COURT:  Now in that regard, a review of the

9    docket motion report in this case shows that there's a pending

10   motion to suppress, which is number 16.

11            Mr. Addison, do you have a motion regarding that

12   motion?

13            MR. ADDISON:  Judge, based upon the purpose of

14   today's proceeding, I'm going to make an oral motion to

15   withdraw that previously-filed motion to suppress.

16            THE COURT:  Mr. Cave, do you understand that there is

17   a pending motion to suppress?  That motion in some way, I won't

18   go into the specifics, but challenges the admission of certain

19   evidence, whether or not it is lawfully admissible against you

20   in court.  Your attorney has told me on the record that he

21   moves at this time in your behalf to withdraw that motion to

22   suppress.  That means that that motion will not be heard, and

23   there will be no ruling on that motion.  Do you understand

24   that?

25            THE DEFENDANT:  Yes, sir.

1      THE COURT:  Now, since that involves just what we've

2   been talking about, do you understand that if you plead guilty

3   in this case, you waive or give up your right to challenge the

4   manner in which the Government obtained evidence against you,

5   for example, the way the Government searched for evidence or

6   questioned you?  Do you understand that?

7      THE DEFENDANT:  Yes, sir.

8      THE COURT:  All right.  And do you understand Mr.

9   Addison's, your attorney's, motion to withdraw the motion to

10  suppress, number 16?

11     THE DEFENDANT:  Yes, sir.

12     THE COURT:  Any questions?  I'll be glad to give you

13  time to speak with Mr. Addison off the record, if you wish.

14     THE DEFENDANT:  None, sir.

15     THE COURT:  I'll accept the statements made by the

16  Defendant in this matter and counsel, and I will grant the oral

17  motion, and motion to suppress, number 16, is deemed withdrawn

18  at this time.

19     Now, Mr. Cave, do you understand your constitutional

20  rights?

21     THE DEFENDANT:  Yes, sir.

22     THE COURT:  In order to get you to give up or waive

23  these rights, has anyone connected with law enforcement, or for

24  that matter anyone else, threatened you, directly or

25  indirectly, used force against you, or promised you anything

1    other than the written plea agreement?

2                THE DEFENDANT:  No, sir.

3                THE COURT:  Have you discussed this matter and your

4    constitutional rights and the withdrawal of your motion to

5    suppress with Mr. Addison?

6                THE DEFENDANT:  Yes, sir.

7                THE COURT:  Do you freely and voluntarily waive or

8    give up all of your constitutional rights with respect to this

9    criminal proceeding?

10               THE DEFENDANT:  Yes.

11               THE COURT:  Mr. Cave, after consideration of your

12   responses given in open court under oath this morning to

13   questions asked, I find that you fully understand your

14   constitutional rights, freely, voluntarily, knowingly, and

15   intelligently waive those rights, with a full understanding of

16   the consequences of waiving those rights.

17               In particular, I find you're competent, competent to

18   plead.  You understand the nature of the charges against you,

19   the possible penalties, the indictment, and the petition to

20   enter a plea of guilty and the plea agreement.

21               I further find that you understand that as a

22   consequence of a plea of guilty, there will be no trial

23   concerning Count I of the indictment, the charge of receipt and

24   distribution of child pornography.  I also find that you

25   understand by pleading guilty you waive your right to trial and

1    that you understand that your answers to my questions could be

2    used against you if there's a later prosecution for perjury or

3    false statement relating to this criminal proceeding.

4              Therefore, I accept your waiver of your rights.

5              THE COURT:  Mr. Cave, earlier I asked you about

6    making an agreement, understanding that if anything occurred at

7    this hearing you didn't understand, we'd stop the hearing, and

8    you'd have a chance to speak with Mr. Addison off the record.

9    Do you remember that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Mr. Cave, whether or not you decide to

12   enter a plea of guilty is not really any of my concern.

13   However, if you decide to enter the plea, and as it appears

14   from these documents you have so decided, it is my obligation

15   to make sure that plea is freely, voluntarily, knowingly and

16   intelligently given.  That can only occur if you have a full

17   understanding of all the things we've talked about.  So, again,

18   I'd be glad to give you an opportunity to speak with Mr.

19   Addison off the record if you have any questions.

20             Do you have any questions?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Do you have any questions about the plea

23   agreement, the petition to enter the plea of guilty, the

24   indictment, the withdrawal of your motion to suppress, or

25   anything else that's occurred at this hearing this morning?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Well, Mr. Cave, knowing and understanding

3   everything that's in your petition to enter your plea of

4   guilty, in the plea agreement, and the indictment, my question

5   to you at this time is how do you plead to Count I of the

6   indictment, receipt and distribution of child pornography?

7          THE DEFENDANT:  Guilty, sir.

8          THE COURT:  Are you freely and voluntarily pleading

9   guilty to that count?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  To get you to plead guilty, has anyone

12   threatened you, directly or indirectly, used force or promised

13   you anything other than the written plea agreement?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  Mr. Cave, at this time I'm going to ask

16   Mr. Norris, as the Government's representative, to set out on

17   the record what is referred to as the factual basis.  In

18   stating the factual basis, Mr. Norris will tell us what facts

19   the Government would have expected to prove beyond a reasonable

20   doubt at trial if you had gone to trial on Count I.

21          Mr. Norris.

22          MR. NORRIS:  Thank you, Your Honor.

23          Prior to June 10th of 2007, Detective Corey

24   Weinmaster of the Lincoln Police Department carried on an

25   online chat with an individual later determined to be Mr. Cave.

Detective Weinmaster was posing as a 15-year-old girl. During the chats, Mr. Cave sent five images of what appeared to be child pornography to Detective Weinmaster. Detective Weinmaster forwarded the information to Investigator Matt Nicholas of the Nebraska State Patrol.

On July 19th of 2007, the Nebraska State Patrol executed a search warrant at the residence of Mr. Cave in Omaha, Nebraska. A laptop, a Dell computer, and other electronic media were seized from the residence. The following day, a second laptop computer was recovered from a dumpster near the library at the Gene Leahy Mall. The serial number to the abandoned computer was used to trace the computer back to the Cave family.

Because Mr. Cave was a recruiter for the marine corps, the computers were forensically reviewed by the Department of Defense. Alison Sutton of the Department of Defense conducted the analysis. Approximately 194 image files and four video files displayed children who appeared to be minors in various stages of undress, and in some instances, engaged in sexual acts or the lascivious display of genitalia.

The images were forwarded to the National Center for Missing and Exploited Children, where known victims from the Morgan, Carly, Gage, Brittany and Angeles series were identified.

THE COURT: Mr. Addison, do you wish to be heard as

1    to the factual basis?

2         MR. ADDISON:  Judge, for purposes of this hearing, I

3    believe that's suffice.  I would denote that in terms of actual

4    number of pictures that are involved, we don't have an

5    agreement on that yet, but I would just put that -- reflect

6    that.  There is a dispute as to those numbers.

7         MR. NORRIS:  That's true.  I agree to that.  That's

8    why we indicated that there were 194 images that included some

9    in various stages of undress, which would not otherwise qualify

10   as child pornography.

11        THE COURT:  Mr. Cave, do you agree that what you just

12   heard would be the Government's evidence against you if you had

13   gone to trial on Count I?

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  Mr. Cave, I'm going to make the following

16   written report and recommendation to Judge Smith Camp.  I'm

17   going to find and conclude that your plea of guilty is

18   knowingly, intelligently and voluntarily entered.  That a

19   factual basis exists for the plea.  That provisions of law and

20   rule involving the submission of guilty pleas have been

21   complied with.  The petition to enter a plea of guilty on a

22   form approved by the Court was completed by you, your attorney,

23   and the Government's attorney, and is in the file.  There is a

24   written plea agreement in the file, signed by the parties, you,

25   your attorney, and the Government's attorney.  And there are no

1    agreements or stipulations outside of the written plea

2    agreement.

3            I'll recommend to Judge Smith Camp that she accept

4    your plea of guilty, find you guilty, and accept the written

5    plea agreement.

6            I'm signing an order on sentencing schedule.

7    Remember that that presentence report is in writing.  There are

8    several dates about the creation of that document.  The order

9    concludes with a sentencing before Judge Smith Camp of June

10   2nd, 2008, at 1:00 p.m.

11           Lastly, I reviewed the motion report, and at this

12   time, after the withdrawal of number 16, there are no motions

13   pending.

14           Mr. Addison, anything further in this matter today?

15           MR. ADDISON:  Nothing further, Judge.  I just would

16   denote that I have a report from Pretrial Services that

17   reflects Mr. Cave is in compliance, and they'd recommend his

18   continued release.  And I'd ask you --

19           THE COURT:  I'm glad you brought that to my

20   attention.  I do have that -- I did have that report and forgot

21   to deal with it, and I should deal with it.

22           The recommendation dated today is that based upon the

23   Defendant's performance on bond, Pretrial Services respectfully

24   recommends the Defendant remain on bond consisting of the same

25   conditions pending sentencing in this matter.

1          Mr. Norris, do you have any objection?

2          MR. NORRIS:  No, Your Honor.

3          THE COURT:  Well, Mr. Cave, let me note, first of

4    all, that you have successfully existed under the conditions of

5    release, which is good.  Not everybody does.  Secondly, I guess

6    just to warn you that those conditions remain in full force and

7    effect, and they will until they're either modified by the

8    Court or until you're sentenced on Count I.

9          Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Mr. Addison, anything else?

12          MR. ADDISON:  Nothing further.  Thank you, Your

13    Honor.

14          THE COURT:  Mr. Norris?

15          MR. NORRIS:  No, Your Honor.

16          THE COURT:  We're in recess.  Thank you.

17                    (10:46 A.M. -- END OF HEARING)

18

19

20

21

22

23

24

25

## TRANSCRIBER'S CERTIFICATE

I hereby certify that the previous pages reflect truly, accurately and completely the recording of this proceeding as transcribed by me to the best of my ability.

In testimony whereof, I have hereunto set my hand this 18th day of March, 2008.

s/ Diana Wilkey
Transcriber